In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00999-CR
NO. 01-01-01000-CR
____________

JUAN M. TORRES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court 
Harris County, Texas
Trial Court Cause Nos. 846891 & 836443 




O P I N I O N
          A jury convicted appellant, Juan M. Torres, for felony murder and arson, and
assessed punishment for each offense at 40 years’ confinement in prison. In five
points of error, appellant contends that (1) the evidence at trial was factually
insufficient to sustain his convictions, (2) he was denied effective assistance of
counsel, and (3) the trial court erred by entering a deadly weapon finding in the
felony murder-judgment. We modify the felony-murder judgment to delete the deadly
weapon finding and affirm the judgment as modified. We affirm the arson judgment. 
Background
          In the spring of 2000, appellant worked at a McDonald’s restaurant. During
the early morning hours on February 13, appellant, along with his brother and a co-worker, decided to break into the restaurant and steal money located in an office safe. 
After trying unsuccessfully to break into the safe for several hours, the trio used bolt-cutters and a blow torch to break into the safe, only to discover that the safe contained
an inner-safe. Appellant and his accomplices left the restaurant after failing to open
the inner-safe. 
          Before leaving the restaurant, appellant set fire to the office cabinets. As a
result, the restaurant began to burn, and firefighters were called to the scene. Upon
arriving at the scene, two firefighters entered the restaurant to ensure that no one was
trapped inside. While searching the restaurant, both firefighters suffered asphyxia
due to inhalation of smoke. Both died from asphyxia. Appellant was subsequently
charged with felony murder and arson.
Factual Sufficiency
          In his first and fifth points of error, appellant contends that the evidence at trial
was factually insufficient to sustain his convictions. When reviewing factual
sufficiency, we ask whether a neutral review of all the evidence, both for and against
the finding, demonstrates that the proof of guilt is so obviously weak, or so
outweighed by contrary proof, as to undermine confidence in the jury’s
determination. King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). 
Accordingly, we will reverse the fact finder’s determination only if “a manifest
injustice has occurred.” Id. (quoting Johnson v. State, 23 S.W.3d 1, 12 (Tex. Crim.
App. 2000)). 
          In conducting this analysis, if probative evidence supports the verdict, we may
not substitute our judgment for that of the factfinder even if we disagree with the
jury’s determination because the jury is the sole determiner of the facts. See King, 29
S.W.3d at 563; Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon 1981). To avoid
substituting our judgment for the factfinder’s, we must defer to determinations by the
factfinder that depend on credibility assessments and resolution of conflicts in the
evidence. See Johnson, 23 S.W.3d at 7-9. 
A.      Felony Murder
          In his first point of error, appellant contends that the evidence was factually
insufficient to sustain his felony murder conviction because the State failed to prove
that appellant committed an “act clearly dangerous to human life.” According to
appellant, the act of starting a fire in an empty, freestanding building is not clearly
dangerous to human life. 
          Texas has codified the felony murder rule in section 19.02(b)(3) of the Penal
Code, which provides, as follows, that a person commits murder if he or she:
commits or attempts to commit a felony, other than manslaughter, and
in the course of and in furtherance of the commission or attempt, or in
immediate flight from the commission or attempt, he commits or
attempts to commit an act clearly dangerous to human life that causes
the death of an individual.
 
Tex. Pen. Code Ann. § 19.02(b)(3) (Vernon 1994) (emphasis added). Appellant’s
felony-murder indictment alleged that, while committing the felony offense of
burglary of a building, appellant committed acts clearly dangerous to human life,
namely starting a fire and fleeing without extinguishing the fire. The indictment
further alleged that these acts caused the death of Kimberly Smith, one of the
firefighters killed in the restaurant. 
          Unlike some jurisdictions,


 the Texas Legislature has not enumerated specific
felonies that, in the abstract, can support a felony-murder charge. Tex. Pen. Code
Ann. § 19.02(b)(3). Instead, the Legislature required that the State prove that the
specific actor, under the specifically articulated circumstances, committed some act
that was clearly dangerous to human life. See Lawson v. State, 64 S.W.3d 396, 399
(Tex. Crim. App. 2001) (Cochran, J., concurring). Acts that are clearly dangerous to
human life are thus determined on a case-by-case basis. 
          Texas courts have found acts of arson sufficient to support felony-murder
convictions. See Murphy v. State, 665 S.W.2d 116, 119 (Tex. Crim. App. 1983);
Jones v. State, No. 12-01-00196-CR, slip op. at 4, (Tex. App.—Tyler Aug. 14, 2002,
pet. filed). We, too, find appellant’s act of arson sufficient to support his felony-murder conviction. The evidence shows that appellant intentionally set fire to
wooden cabinets in the restaurant office causing the restaurant to burn down. It is
clear that burning down a restaurant within the Houston city limits would trigger a
rapid response from firefighters. It is also clear that a fire as severe as the one caused
by appellant would place firefighters’ lives in danger. We find that the State satisfied
the “clearly dangerous to human life” element of section 19.02(b)(3). See Tex. Pen.
Code Ann. sec. 19.02(b)(3).
          Alternatively, appellant contends that his act of arson did not cause the
firefighters’ deaths. According to section 19.02(b)(3), an act clearly dangerous to
human life must cause the death of an individual before the felony-murder rule
applies. See Tex. Pen. Code Ann. sec. 19.02(b)(3). Appellant argues that the
firefighters entered the restaurant on their own initiative without waiting for orders
from their superiors. Appellant asserts that the firefighters took an unreasonable
course of action that caused their deaths. 
          We disagree. Although some testimony suggested that the firefighters entered
the restaurant without waiting for orders, other testimony suggested that the
firefighters entered the restaurant with orders and that this course of action was
proper under the circumstances. Additionally, the State presented testimony
explaining that firefighters enter buildings under circumstances such as these to save
the lives of persons who might be trapped in the flames. The jury heard the evidence
and concluded that appellant’s act of arson caused the death of Kimberly Smith. We
decline to usurp the jury’s function as factfinder in order to find that the firefighters
acted in an unreasonable manner that resulted in their deaths. See Johnson, 23
S.W.3d at 7-9. The facts appellant relies on do not so weaken or overwhelm the
State’s evidence as to render the judgment clearly wrong and manifestly unjust.
          We overrule appellant’s first point of error. 
B.      Arson
          In his fifth point of error, appellant contends that the firefighters’ deaths did not
result from his arson offense. Arson is a first degree felony if it is shown that bodily
injury or death resulted by reason of the commission of the offense. See Tex. Pen.
Code Ann. § 28.02(a)(2)(F) (Vernon 1994). Appellant makes the same causation
arguments here that he made in his first point of error. For the reasons previously 
stated, we reject appellant’s contention.
          We overrule appellant’s fifth point of error.
Ineffective Assistance of Counsel
          In his second and fourth points of error, appellant contends that he was denied
effective assistance of counsel. The standard of review for evaluating claims of
ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984). See Hernandez v. State, 726 S.W.2d 53, 55
(Tex. Crim. App. 1986); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston
[1st Dist.] 1996, no pet.). Appellant must show both that (1) counsel’s performance
was so deficient that he was not functioning as acceptable counsel under the Sixth
Amendment, and (2) but for counsel’s error, the result of the proceedings would have
been different. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Gamble, 916 S.W.2d
at 93. 
          It is the defendant’s burden to prove ineffective assistance of counsel. Id. A
defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Strickland, 466 U.S. at
689, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. A claim of ineffective assistance
of counsel must be firmly supported by the record. McFarland v. State, 928 S.W.2d
482, 500 (Tex. Crim. App. 1996). An appellate court will not make a finding of
ineffectiveness based on speculation. Gamble, 916 S.W.2d at 93. 
          In his second point of error, appellant asserts that he was denied effective
assistance of counsel because trial counsel should have requested an instruction on
concurrent causation pursuant to section 6.04 of the Penal Code.


 Assuming that
appellant was entitled to such an instruction, appellant still has not shown ineffective
assistance. Because appellant did not file a motion for new trial, there is no evidence
in the record of why appellant’s trial counsel did not request a jury instruction on
concurrent causation. To find trial counsel ineffective would call for speculation,
which we will not do. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1999); Gamble, 916 S.W.2d at 93; see also Henderson v. State, 29 S.W.3d 616, 624
(Tex. App.—Houston [1st Dist.] 2000, pet. ref’d) (holding trial counsel was not
ineffective when record was silent as to trial counsel’s reasons for declining to
request instruction on concurrent causation). 
          We overrule appellant’s second point of error.
          In his fourth point of error, appellant asserts that he was denied effective
assistance of counsel because trial counsel did not secure expert testimony regarding
the origin of the fire. As noted before, appellant did not file a motion for new trial. 
Thus, there is no evidence in the record of why appellant’s trial counsel did not secure
expert testimony regarding the origin of the fire. Again, to find trial counsel
ineffective would call for speculation, which we will not do. See Jackson v. State,
877 S.W.2d at 771; Gamble, 916 S.W.2d at 93.
          We overrule appellant’s fourth point of error. 
Deadly Weapon Finding
          In his third point of error, appellant contends that the trial court erred by
entering a deadly weapon finding in the felony-murder judgment. Appellant asserts
that the trial court could not enter an affirmative deadly weapon finding because (1)
the jury was the trier of fact at both the guilt/innocence and punishment stages of trial,
(2) the jury never found that appellant used a deadly weapon in commission of the
offense, and (3) the felony-murder indictment does not allege the use of a deadly
weapon. 
          The trier of fact is responsible for making the affirmative finding concerning
use or exhibition of a deadly weapon. Ex Parte Thomas, 638 S.W.2d 905, 907 (Tex.
Crim. App. 1982). Therefore, when the jury is the trier of fact, the jury must make
the finding. Adams v. State, 685 S.W.2d 661, 671 (Tex. Crim. App. 1985). The
finding must be express; an implied finding will not suffice. Davis v. State, 897
S.W.2d 791, 793 (Tex. Crim. App. 1995). The jury can make an express affirmative
deadly weapon finding in one of the following three ways: (1) by finding the
defendant guilty as alleged in the indictment if the indictment alleges the use of a
deadly weapon; (2) by finding the defendant guilty as alleged in the indictment if the
indictment pled a weapon that is a deadly weapon per se; or (3) by making an
affirmative finding to a special issue on use of a deadly weapon. Id. None of these
findings occurred in this case. 
          In the instant case, the jury did not affirmatively answer a deadly weapon
special issue. Rather, the jury returned a verdict finding appellant guilty as charged
in the felony-murder indictment. The indictment, however, did not allege use of a
deadly weapon. Instead, the indictment alleged that appellant started a fire. Because
fire is not a deadly weapon per se,


 the trial court erred by entering a deadly weapon
finding in the absence of the jury’s determination on the issue. 
          We sustain appellant’s third point of error and modify the felony-murder
judgment to delete the deadly weapon finding. Tex. R. App. P. 43.2(b). 
Conclusion
          We modify the felony-murder judgment to delete the deadly weapon finding
and affirm the judgment as modified. We affirm the arson judgment. 
 
 
 



     Elsa Alcala
     Justice

Panel consists of Justices Taft, Alcala, and Price.




Do not publish. Tex. R. App. P. 47.4.